<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                            :
UNITED STATES OF AMERICA,    :
                                            :
                Plaintiff,         :
                                            :      Civil Action No. 07-1447 (GEB)
     v.                                     :
                                            :      **MEMORANDUM OPINION**
JOHN T. BOURGER,                :
                                            :
                Defendant.       :
_____:

**<u>BROWN, Chief District Judge</u>**

       This matter comes before the Court upon the motion for reconsideration of the United States of America (hereinafter the "Government") filed pursuant to Federal Rule of Civil Procedure 59(e) [Docket # 34]. The Court has reviewed the Government's submissions and has decided this motion without oral argument pursuant to Fed. R. Civ. P. 78.[1] For the reasons that follow, the Court will deny the Government's motion for reconsideration.

**I.    BACKGROUND**

       In an order dated September 23, 2008, the Court denied the Government's motion for summary judgment on the issue of Defendant's income tax liability for the year 1995 [Docket # 33]. Accompanying that order was a memorandum opinion in which the Court detailed the facts of this case [Docket # 32]. (GEB Mem. Op. 9/23/08) For the sake of economy, the Court

---

[1] Counsel for Defendant John T. Bourger (hereinafter "Defendant") requested permission to file opposition papers out of time in a letter to the Court dated October 31, 2008 [Docket # 36]. The Court's disposition of this motion renders Defendant's request moot, and it will be denied on that basis.

incorporates that factual background in this order by reference. (*Id.*) Previously, after considering the Government's motion for summary judgment and the opposition thereto, the Court concluded that there was a genuine issue of material fact whether an authorized I.R.S. agent ever signed the Form 656 Offer In Compromise (hereinafter, "OIC") that was submitted by Defendant. (*Id.*) The Court further concluded, based upon both the language contained in the I.R.S. Form 656 OIC, and the statutory and case law cited by the parties, that the signature of an authorized I.R.S. agent was a crucial step in the I.R.S. OIC acceptance process. (*Id.*) Because there was a genuine issue of material fact whether Defendant's OIC was ever signed, the Court denied summary judgment to the Government on the issue of Defendant's 1995 income tax liability. (*Id.*) In the motion for reconsideration *sub-judice*, the Government argues that the Court's conclusion that an I.R.S. official's signature was a critical step in the OIC acceptance process was erroneous, and asks the Court to grant the Government summary judgment on the issue of Defendant's 1995 income tax liability. The Court finds the Government's arguments unavailing.

II.    DISCUSSION

   A. Legal Standard

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1. The Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for

reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), *quoting Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).

**B. Application**

The Government contends that in denying its motion for summary judgment on the issue of Defendant's 1995 income tax liability, the Court:

> improperly relied on an irrelevant revenue Procedure. The Court cited Rev. Proc. 2003-71 as the only legal authority supporting the defendant John T. Bourger's contention that an Offer in Compromise must be signed to be pending. . . . Revenue Proc. 2003-71 was not effective, however, until August 21, 2003.  The Court already found that Bourger's OIC was received by the Service on March 14, 2003.  Accordingly, Rev. Proc. 2003-71 does not set forth the procedures applicable to Bourger's OIC at issue.

(Pl.'s Br. at 1-2)  The Government's contention that this Court relied solely upon Rev. Proc. 2003-17 in denying summary judgment to the Government on the issue of Defendant's 1995 income tax liability is unfounded, as it fails to consider the following language from the Court's memorandum opinion:

> Item 8, subsection (e) of the standard Form 656 specifically states that by signing the OIC, the taxpayer "waive[s] and agree[s] to the suspension of any statutory periods of limitation (time limits provided for by the law) for the IRS assessment of the tax liability . . . ."  The final page of Form 656 contains spaces for two signatures.  The first signature is that of the taxpayer.  The second signature is that of an "Authorized Internal Revenue Service Official."  Form 656 makes clear that, by signing the document, the authorized IRS official "accept[s] the waiver of the statutory period of limitations for the Internal Revenue Service."  Form 656, Item 8, subsection (m) states that once the authorized I.R.S. agent

3

> signs the form, the taxpayer's OIC is "pending," and that the "[OIC] remains
> pending until an authorized IRS official accepts, rejects, returns or acknowledges
> the withdrawal of the offer in writing."

(GEB Mem. Op. 9/23/08) [Docket # 32]  Thus, the Court made clear that the very language contained within I.R.S. Form 656 requires the signature of an authorized I.R.S. agent for a taxpayer's OIC to become "pending."  While Rev. Proc. 2003-17 expounded upon this fact, it was not the primary basis of the Court's opinion [Docket # 32], as the Government contends.  When the Court's memorandum opinion [Docket # 32] is read in its entirety, it is apparent that applicability of Rev. Proc. 2003-17 to Defendant's OIC is not critical to the veracity of this Court's denial of summary judgment to the Government on the issue of Defendant's 1995 income tax liability.  The plain language contained within I.R.S. Form 656, noted above, provides an ample basis for the Court's conclusion.  Finally, the Government has failed to identify any statutory or case law that renders the Court's order [Docket # 33] erroneous.

As previously noted, the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice.  *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  This case does not present any of these three situations.

## III.     CONCLUSION

For the foregoing reasons, the Court will DENY the Government's motion for reconsideration.  In light of the Court's denial of the Government's motion, Defendant's request to file opposition papers out of time [Docket # 36] is moot, and as such, will also be denied.  An

appropriate form of order accompanies this memorandum opinion.

Dated: November 5, 2008

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
